UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

The Hill of Portsmouth
Condominium Association,
    Plaintiff

    v.                                        Civil No. 04-cv-403-SM
                                                Opinion No. 2006 DNH 085
Parade Office, LLC,
Parade Hotel, LLC, and
Parade Residential, LLC,
    Defendants

**O R D E R**

    This case presented a focused issue related to the status of a parking easement burdening defendants' property.  After considering the uncontested material facts, and construing the relevant title documents, the court granted summary judgment to plaintiff and entered a declaratory judgment clarifying the respective rights and obligations of the parties relative to the parking easement.  No money damages were sought or ordered.  Defendants promptly appealed that declaratory judgment.

    Plaintiff has apparently now filed suit in state court seeking to enforce its rights under the easement, as described in this court's declaratory judgment, and defendants now seek a stay

of execution of the declaratory judgment pursuant to Fed. R. Civ. P. 62(f), which provides:

> (f) <u>Stay According to State Law</u>.  In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay, as would be accorded the judgment debtor had the action been maintained in the courts of that state.

The short answer is that defendants are not entitled to a stay under Fed. R. Civ. P. 62(f) because the declaratory judgment entered by this court is not, under New Hampshire law, "a lien upon defendants' property" (and defendants are not "judgment debtors"), a necessary prerequisite for a stay under Rule 62(f). <u>See</u> <u>Rodriguez-Vazquez v. Lopez-Martinez</u>, 345 F.3d 13 (1st Cir. 2003).  As in Massachusetts, and Connecticut, in New Hampshire additional steps beyond mere ministerial acts are required to transform a judgment into a lien on real property.  <u>See</u> <u>Elias Bros. Restaurants v. Acorn Enters.</u>, 931 F.Supp. 930 (D. Mass. 1996), citing <u>Marandino v. D'Elia</u>, 151 F.R.D. 227, 229 (D. Conn. 1993).

In New Hampshire a judgment <u>and</u> an attachment, or writ of execution or possession, is necessary to create such a lien.  <u>See</u> N.H. Rev. Stat. Ann. ("RSA") Ch. 529:29.  The judgment itself

does not create a lien.  In addition, the declaratory judgment neither awards money damages, nor does it by its terms require the payment of money, which also undermines the need for a stay of execution.  Cf. <u>Yankton Sioux Tribe v. Southern Mo. Waste Mgmt. Dist.</u>, 926 F.Supp. 888 (D.S.D. 1996).

The pleadings suggest that what defendants are actually concerned about is that an order may issue in the state proceedings, based upon this court's declaratory judgment, requiring them to remove permanent structures already built on property subject to the parking easement held by plaintiff, before this court's judgment can be reviewed on appeal.

That seems a wholly unrealistic concern.  This court's judgment defined the rights of the parties with respect to the easement.  Those rights are what they are, unless and until the declaratory judgment is modified or reversed by the court of appeals.  In the meantime, the state court is perfectly capable of according appropriate weight to the status of that appealed judgment in determining how to structure the state litigation, and whether and to what extent equitable relief pending litigation is or is not warranted.

But there is no "execution" threatened that requires a stay in this case. It is doubtful that the state court will give <u>res judicata</u> effect to the declaratory judgment while it is subject to appellate review, since New Hampshire law does not recognize appealed judgments as final. <u>See</u> <u>Grant v. Lathrop</u>, 23 N.H. 67 (1851); <u>Rollins v. Rollins</u>, 122 N.H. 6 (1982); Superior Court Rule 74. Therefore, no writ of execution or possession is likely to issue upon that judgment in state court, and, under Fed. R. Civ. P. 69, none is likely to issue from this court pending appeal. Whether interim equitable relief is afforded in the state court, however, is an entirely different matter, governed by different standards.

### Conclusion

The motion to stay (document no. 46) under Fed. R. Civ. P. 62(f) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 26, 2006

cc: Timothy A. Gudas, Esq.
    Paul McEachern, Esq.

4